# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DLA MARITIME,
  Appellants,

  v.

DEPARTMENT OF DEFENSE,
  Agency.

DOCKET NUMBER
NY-0752-14-0286-I-1

DATE: November 3, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Michael Robert Schesser, New Market, New Hampshire, pro se.

Robert N. Williams, Kittery, Maine, pro se.

Adam J. Heer, Esquire, and C. Michael Meehan, Esquire, Columbus, Ohio,
  for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1 The appellants have filed petitions for review of the initial decision, which affirmed the agency's furlough action. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioners have not established any basis under section 1201.115 for granting the petitions for review. Therefore, we DENY the petitions for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2    The appellants are employees of the agency's Defense Logistics Agency (DLA), Maritime, in Portsmouth, New Hampshire.[2] *Williams v. Department of Defense*, MSPB Docket No. PH-0752-13-5209-I-1, Initial Appeal File (Williams IAF), Tab 1 at 13; *Schesser v. Department of Defense*, MSPB Docket No. PH−0752-13-1383-I-1, Initial Appeal File (Schesser IAF), Tab 1 at 8.[3] They were notified in May 2013, that the agency intended to impose a furlough of up to 11 workdays or 88 hours because of the "extraordinary and serious budgetary challenges facing the Department of Defense (DOD) for the remainder of Fiscal Year (FY) 2013." Consolidation Appeal File (CAF), Tab 6 at 20. The furlough

---

[2] This appeal consolidates individual appeals pursuant to 5 C.F.R. § 1201.36(a). Only two of the original six appellants filed petitions for review, Robert N. Williams, MSPB Docket No. PH-0752-13-5209-I-1, and Michael Robert Schesser, MSPB Docket No. PH-0752-13-1383-I-1. Our findings herein apply only to these two appellants and not to the other appellants who were part of the consolidated group but did not file petitions for review. *See Dye v. Department of the Army*, 121 M.S.P.R. 142, ¶ 1 n.2 (2014).

[3] We have cited to both the Consolidation Appeal File, which comprises documents submitted under MSPB Docket No. NY-0752-14-0286-I-1, and the Initial Appeal Files and Petition for Review Files of individual appellants, which are distinguished by their surnames.

resulted from the sequestration requiring across-the-board reductions in Federal spending pursuant to the Balanced Budget and Emergency Deficit Control Act (BBEDCA), as amended, as well as the misallocation of funds while DOD was operating under a continuing resolution and incurring unexpectedly high wartime costs. Complete Defense Logistics Agency Administrative Record for FY 2013 Furlough Appeals (CAR) at 5.[4]

¶3    In June 2013, the agency notified the appellants that they would be on a discontinuous furlough between July 8, 2013 and September 30, 2013. Schesser IAF, Tab 6 at 14-17; Williams IAF, Tab 4 at 14-17. The agency subsequently reduced the number of furlough days to 6 days, which the appellants served. Schesser IAF, Tab 6 at 4-12; Williams IAF, Tab 4 at 4-12. The instant appeal consolidated the appeals from six agency employees. CAF, Tab 1.

¶4    The administrative judge found that the agency proved by preponderant evidence the factual basis for the furlough and that the furlough promoted the efficiency of the service. CAF, Tab 10, Initial Decision (ID) at 5-9. The administrative judge further found the appellants failed to meet their burdens of proof regarding several issues certain appellants raised in challenging the agency action. ID at 9-16. Among other things, the appellants asserted that: the DLA had sufficient funds to avoid a furlough, but its parent agency, DOD, imposed an across-the-board approach that unnecessarily included subordinate agencies; the DLA should have been exempt from the furlough because some functions it supported were exempt, including the Portsmouth Naval Shipyard; and the DLA wasted funds by scheduling overtime both in anticipation of and during the furlough. ID at 9-16. The appellants additionally argued that they should have been able to choose their own furlough days, and that the DLA failed to provide materials showing that the furlough was necessary, how it calculated the proposed

---

[4] The CAR is a group of documents pertaining to all DLA appeals for the 2013 sequestration furlough. The CAR may be found on the Board's website at http://www.mspb.gov/furloughappeals/dla2013.htm.

number of furlough days, and evidence supporting the specific number of furlough days. ID at 10-13. The administrative judge found the appellants raised issues that were beyond the scope of the Board's jurisdiction, or that their concerns had been properly addressed by the agency. ID at 9-16. The administrative judge thus affirmed the furlough action. ID at 16. Two appellants, Robert N. Williams and Michael Robert Schesser, filed petitions for review.

Appellant Williams

¶5    Appellant Williams reiterates his argument that he did not receive evidence that a furlough was necessary, showing the DLA's basis for the proposed number of furlough days, or its bases for selecting the specific days upon which he served furlough time. *Williams v. Department of Defense*, MSPB Docket No. PH-0752-13-5209-I-1, Petition for Review (Williams PFR) File, Tab 1 at 4; Williams IAF, Tab 1 at 6. He additionally asserts that he was not allowed to choose his furlough days. Williams PFR File, Tab 1 at 4-5; Williams IAF, Tab 1 at 5. He explains that he had scheduled a vacation for early September 2013, and should have been able to serve his furlough days during that time. Williams PFR File, Tab 1 at 4-5; Williams IAF, Tab 1 at 5. He asserts that his request to choose his own furlough days went unanswered, and further, that the administrative judge did not address this issue to his satisfaction in the initial decision. Williams PFR File, Tab 1 at 5. In support of his argument, he cites *AFGE, Local 32 & Office of Personnel Management*, 22 F.L.R.A. 307 (1986), *aff'd sub nom. Office of Personnel Management v. Federal Labor Relations Authority*, 829 F.2d 191 (D.C. Cir. 1987) (Table). *Id.*

¶6    We disagree. The administrative judge properly addressed all of these issues in the initial decision. Appellant Williams either received the information he asserts that the DLA did not provide, or he failed to show that the DLA denied him access to the information when he requested it. Because the furlough action was taken pursuant to the adverse action procedures set forth in chapter 75, he received notice of the proposed furlough action and an opportunity to reply before

the DLA issued a final decision. Williams IAF, Tab 4 at 18-22. The proposal notice set forth the agency's reasons as to why the furlough was necessary. *Id.* at 20; *see* 5 U.S.C. § 7513(b)(1) ("An employee against whom an action is proposed is entitled to . . . at least 30 days' advance written notice . . . stating the specific reasons for the proposed action."). The proposal notice also informed him of his right to review the materials upon which the agency relied in taking the furlough action. Williams IAF, Tab 4 at 21; *see* 5 C.F.R. § 752.404(b)(1). Appellant Williams has not asserted that the DLA denied any request on his part to examine these materials. Instead, he argues, the information to which he was provided access was unresponsive because it failed to show why it was necessary to furlough *him*, or to show how the DLA calculated the number of furlough days he would serve. Williams PFR File, Tab 1 at 5.

¶7        The agency's burden of proof, however, was to show that the furlough was a reasonable management solution to the financial restrictions placed on it and that it selected the employees to be furloughed in a fair and even manner. *Chandler v. Department of the Treasury*, 120 M.S.P.R. 163, ¶ 8 (2013). Review of the proposal and decision notices shows that Appellant Williams received such information in support of the DLA's decision to furlough him. In the decision notice, for example, the deciding official specifically addressed any concerns as to whether the furlough was justified, citing a May 14, 2013 memorandum from the Secretary of Defense discussing the budgetary shortfalls leading to the agency's decision. Williams IAF, Tab 4 at 14, 19; CAR, Tab 7. Additionally, the deciding official cited BBEDCA and The American Taxpayer Relief Act of 2012, which was enacted in January 2013, establishing the sequestration process. Williams IAF, Tab 4 at 14. The proposal notice directed the appellant to various sources of information regarding the furlough, including a special DLA furlough website containing materials from the CAR. *Id.* at 21. Appellant Williams has not shown why he might be entitled to information beyond that with which he was provided or could have readily accessed. As for the agency's

calculation of the number of furlough days that employees would be required to serve, various documents in the CAR address its considerations.  *See, e.g.*, CAR at 92.

¶8        Even if the agency-provided information had been insufficient, Appellant Williams would have had to show harmful error for the Board to disturb the initial decision.  Harmful error cannot be presumed; instead, an appellant must show that the agency's error is likely to have caused it to reach a conclusion different from the one it would have reached in the absence or cure of the error.  *Stephen v. Department of the Air Force*, 47 M.S.P.R. 672, 681, 685 (1991); *see, e.g.*, *Gilmore v. U.S. Postal Service*, 103 M.S.P.R. 290, ¶¶ 6-16 (2006), *aff'd*, 262 F. App'x 276 (Fed. Cir. 2008).  Appellant Williams failed to show that the agency would have reached a different decision had it provided the information he believes he was denied.

¶9        Regarding the selection of the specific days upon which Appellant Williams served the furlough, the agency's decisions on this are beyond the scope of our review.  The Board's efficiency of the service determination does not extend to "an agency's decision to allocate furlough days in a certain manner among employees who are not similarly situated."  *Chandler*, 120 M.S.P.R. 163, ¶ 9.  Such matters are instead left to the judgment of agency managers, who are in the best position to allocate funding in a manner that will best allow the agency to accomplish its mission.  *Id.*  As a general matter, the Board will not review an agency's decisions regarding scheduling a furlough, including whether employees will be allowed to choose their own furlough days.  *Id.*, ¶ 20.

¶10       Appellant Williams has not alleged that he was treated differently from other similarly situated employees.  As for his assertion that the initial decision was inconsistent with *AFGE, Local 32 & Office of Personnel Management*, the Federal Labor Relations Authority (FLRA) found it within an agency's duty to *bargain* over a union proposal that would allow bargaining unit members to serve their furlough days contiguously.  *AFGE*, 22 F.L.R.A. at 312-13.  The FLRA

explained, however, that it was "mak[ing] no judgment as to the merits" of the union's proposal. *Id.* at 313 n.9. We also note that, prior to the commencement of the furlough here, the agency and Appellant Williams' bargaining unit entered into a memorandum of agreement (MOA) setting forth the procedures the agency would follow in administering the furlough. CAR at 191-93. The MOA expressly states that furlough days were to be "discontinuous and will be either the first or last day of the work week." CAR at 191. The appellant's argument is thus unavailing.

Appellant Schesser

¶11    Appellant Michael Robert Schesser reasserts his argument from below that the agency's use of overtime to manage its workload before and during the furlough was flawed.[5] *Schesser v. Department of Defense*, MSPB Docket No. PH-0752-13-1383-I-1, Petition for Review (Schesser PFR) File, Tab 1 at 3; Schesser IAF, Tab 1 at 6. The agency's use of overtime before the furlough period, however, is beyond the scope of this appeal. As for an agency's use of overtime during the furlough, the Board may consider a claim that an agency failed to apply the furlough uniformly and consistently if an appellant makes a showing the agency used overtime payments to relieve some employees but not others of the financial consequences of the furlough. *Chandler*, 120 M.S.P.R. 163, ¶¶ 12-14, 20. Appellant Schesser has not asserted that scheduling overtime hours was used to relieve him or any other person of the financial consequences of the furlough. He instead is challenging the DLA's stated justification for the furlough, arguing that the DLA had the resources available to avoid a furlough because it had the resources to pay overtime. *See, e.g.*, Schesser PFR File, Tab 1 at 3. The Board, however, considers the agency's use of overtime so as to meet mission requirements to be a nonreviewable discretionary spending decision.

---

[5] The record shows that Appellant Schesser questioned the agency's practices as to scheduled overtime well before the furlough began. Schesser IAF, Tab 3 at 5, 7-8.

*Chandler*, [120 M.S.P.R. 163](#), ¶¶ 12‑13.    Accordingly, the appellant's argument fails.

## NOTICE TO THE APPELLANTS REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* [5 U.S.C. § 7703](#)(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, [931 F.2d 1544](#) (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the United States Code, section 7703 ([5 U.S.C. § 7703](#)) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, [http://www.mspb.gov/appeals/uscode.htm](http://www.mspb.gov/appeals/uscode.htm). Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at [http://www.mspb.gov/probono](http://www.mspb.gov/probono) for information regarding pro bono representation

for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                _____
                                          Jennifer Everling
                                          Acting Clerk of the Board

Washington, D.C.